O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:15-cv-02905 (VEB)

GLORIA TORRES DAVILA,

               Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

               Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In June of 2012, Plaintiff Gloria Torres Davila applied for disability insurance benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, by and through her attorneys, Potter Cohen & Samulon, Thelma Cohen, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 15, 16). On April 4, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 31).

## II. BACKGROUND

Plaintiff applied for benefits on June 6, 2012, alleging disability beginning January 3, 2012, due to various impairments. (T at 12).[1]  The application was denied initially and on reconsideration.   Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On August 13, 2014, a hearing was held before ALJ Sally C. Reason. (T at 30).  Plaintiff appeared with her attorney and testified. (T at 34-39, 43-51).  The ALJ also received testimony from Dr. June Hagan, a vocational expert (T at 40-43).

On September 25, 2014, the ALJ issued a written decision denying the application for benefits.   (T at 9-28).   The ALJ's decision became the Commissioner's final decision on April 1, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On April 20, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No.1). The

---

[1] Citations to ("T") refer to the administrative record at Docket No. 21.

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)

Commissioner interposed an Answer on October 13, 2015. (Docket No. 20).  The

parties filed a Joint Stipulation on March 24, 2016. (Docket No. 30).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case be remanded for further proceedings.

## III. DISCUSSION

**A.      Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)

for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to

perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2)  a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B.    Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)

1   evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

2   n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

3   599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

4   reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

5   *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

6   conclusions as the [Commissioner]  may reasonably draw from the evidence" will

7   also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

8   the Court considers the record as a whole, not just the evidence supporting the

9   decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

10  1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

11        It is the role of the Commissioner, not this Court, to resolve conflicts in

12  evidence.  *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

13  interpretation, the Court may not substitute its judgment for that of the

14  Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

15  Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

16  set aside if the proper legal standards were not applied in weighing the evidence and

17  making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

18  432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the

19  administrative findings, or if there is conflicting evidence that will support a finding

20

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)

of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.     Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 3, 2012, the alleged onset date, and met the insured status requirements of the Social Security Act through September 30, 2016. (T at 14).  The ALJ found that Plaintiff's coronary artery disease, degenerative disc disease of the cervical and lumbar spinal areas, diabetes mellitus, fibromyalgia, history of stroke, hypertension, obesity, and Parkinson's disease were "severe" impairments under the Act. (Tr. 14).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 15).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), provided the work did not involve standing and/or walking for more than 4 hours in an 8-hour workday; no crawling, balancing, climbing ladders, working at heights; no more than frequent use of the right upper extremity; and no more than frequent fingering with the left upper extremity. (T at 16).

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)

1    The ALJ concluded that Plaintiff could perform her past relevant work as a

2    real estate agent. (T at 22).

3    Accordingly, the ALJ determined that Plaintiff was not disabled within the

4    meaning of the Social Security Act between January 3, 2012 (the alleged onset date)

5    and September 25, 2014 (the date of the decision) and was therefore not entitled to

6    benefits. (T at 23). As noted above, the ALJ's decision became the Commissioner's

7    final decision when the Appeals Council denied Plaintiff's request for review. (T at

8    1-7).

9    **D.    Disputed Issues**

10    As set forth in the Joint Stipulation (Docket No. 30, at p. 3), Plaintiff offers

11    three (3) main arguments in support of her claim that the Commissioner's decision

12    should be reversed.   First, she argues that the ALJ did not properly assess the

13    medical opinion evidence.    Second, Plaintiff challenges the ALJ's credibility

14    determination.   Third, she contends that the ALJ's step four analysis was flawed.[2]

15    This Court will address each argument in turn.

16

17

18

19

20

---

[2] Plaintiff also originally argued that this matter should be remanded in light of a subsequent decision by the Commissioner to award benefits.  However, Plaintiff later withdrew that argument. (Docket No. 30, at p. 13).

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)

# IV. ANALYSIS

## A.   Medical Opinion Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion.  For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs*., 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating

1    his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995,

2    1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

3    "The ALJ must do more than state conclusions. He must set forth his own

4    interpretations and explain why they, rather than the doctors', are correct." *Id*.

5    Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. Ariz. 2014)

6        In August of 2014, Dr. Louis Flores, Plaintiff's treating physician, completed

7    a physician questionnaire provided by Plaintiff's counsel. Plaintiff had been treating

8    with Dr. Flores for nearly two (2) years at the time. (T at 842). Dr. Flores reported

9    that Plaintiff suffered from chronic fatigue and pain. (T at 844). He opined that

10    Plaintiff would need to rest during the work day; could walk/stand for 30-40 minutes

11    at one time without interruption; could sit for approximately 2 hours in an 8-hour

12    workday; and could not lift more than 5 pounds occasionally. (T at 845-46). Dr.

13    Flores further indicated that Plaintiff could not bend, push, pull, crouch, stoop, kneel

14    or climb. (T at 846). Dr. Flores concluded that Plaintiff "[s]hould not work." (T at

15    846).

16        The ALJ afforded "little probative weight" to Dr. Flores's opinion. (T at 21).

17    For the reasons that follow, this Court finds the ALJ's decision to discount Dr.

18    Flores's opinion supported by substantial evidence

19        First, Dr. Flores's opinion is not supported by a detailed explanation or

20    references to objective evidence. It is also quite equivocal and lacking in specificity.

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)

1   For example, when asked how long Plaintiff could routinely sit at one time without

2   an interruption, Dr. Flores wrote: "2 hrs?" (question mark in original). (T at 845).

3   The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory

4   and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d

5   1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th

6   Cir. 2002)).

7   Second, the ALJ reasonably concluded that Dr. Flores's opinion was not

8   consistent with the objective evidence.  The ALJ provided a detailed summary of

9   imaging studies and other testing (ACT study of the brain, echocardiograms,

10  electrocardiograms, exercise stress tests, CT of the chest, cardiac perfusion scan, X-

11  ray of the chest, ultrasound of lower extremities, imaging studies of the abdomen,

12  pelvis, and spine). (T at 19). While these studies and examinations did yield

13  evidence of Plaintiff's impairments, the ALJ acted within her discretion in

14  concluding that the results of these studies did not support Dr. Flores's highly

15  restrictive assessment.[3]

16  Moreover, the ALJ engaged in a detailed review of the clinical treatment notes

17  and acted within her discretion in concluding that they did not support Dr. Flores's

---

[3] For example, a January 2011 CT study of the brain did not indicate any evidence of "hemorrhage, mass, infarct, or fracture." (T at 19, 242).  A February 2013 chest x-ray was normal. (T at 19, 519).  A January 2011 CT scan of the spine revealed degenerative changes of the cervical spine with disc space narrowing and ostephyte formation at several levels, but no fracture, prevertebral swelling, subluxation, or spinal cord stenosis. (T at 18-19, 241).

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)

opinion.   For example, Plaintiff consistently had normal gait, range of motion, strength, and coordination. (T at 20, 226, 375, 412, 472, 499, 554, 563, 579, 628, 652, 672, 683, 686, 845-46).   Stress tests in August 2012 and January 2013 were largely unremarkable and clinical notes consistently indicated no evidence of cardiac abnormalities. (T at 19, 226, 285, 298, 305, 312, 350, 412, 472, 499, 554, 579, 628, 651, 672, 683, 686, 845).   Treating providers indicated that Plaintiff's musculoskeletal and cardiac symptoms were improved with medication. (T at 20, 304, 311, 318, 374, 683, 686).   In April of 2013, Dr. Flores himself reported that Plaintiff was "[d]oing well." (T at 747).   Dr. Stephen Kwan, Plaintiff's treating cardiologist, recommend physical exercise as a treatment for her cardiac complaints. (T at 375-76, 378-79, 684, 687, 689).

In addition, Dr. Flores's opinion was contradicted by the assessment of Dr. Ursula Taylor, a consultative examiner. (T at 17, 292-96).   In a report dated August 15, 2012, Dr. Taylor noted Plaintiff's history of hypertension, joint and back pain, and diabetes. (T at 292-93).   Upon examination, Dr. Taylor found normal muscle tone and mass, normal range of motion, and negative straight-leg raising. (T at 294). Motor strength was slightly decreased in the right upper extremity. (T at 295).   Dr. Taylor opined that Plaintiff could lift/carry no more than 20 pounds and 10 pounds frequently, finding that she was limited in this regard due to heart disease and her history of stroke. (T at 296).   Dr. Taylor concluded that Plaintiff had no limitations

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)

with regard to sitting, could stand/walk for 4 hours in an 8-hour workday, and should avoid crawling, balancing, working at heights, and climbing ladders. (T at 296).  She indicated that Plaintiff was limited to frequent movements of her right arm and frequent fine fingering bilaterally due to a mild tremor. (T at 296).

Although a treating physician's opinion is entitled to deference, the ALJ may reject that opinion where, as here, the ALJ sets out a detailed and thorough summary of the record, including conflicting medical opinions, and stated her interpretation of the evidence in a manner that a "reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (1971). "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Flores's opinion.  Plaintiff points out (correctly) that she suffers from a variety of impairments and maladies (including, for example,

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)

cardiac issues, fibromyalgia, diabetes, gynecological surgeries, and suspected Parkinson's disease).

However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, this particular aspect of the ALJ's decision was supported by substantial evidence and must therefore be sustained.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

However, the fact that an ALJ's consideration of the treating physician's opinion is supported by substantial evidence does not mean that the *overall* determination must be sustained.  For example, the treating physician may rely too heavily upon the Plaintiff's subjective complaints or render an opinion contradicted by substantial evidence in the record.  These are proper grounds for discounting the physician's opinion.  However, the ALJ may nevertheless have erred in some other aspect of her decision, for example by failing to include relevant limitations in a

hypothetical presented to the vocational expert, *by* failing to properly assess the claimant's past relevant work, or (as here) *by* failing to give due consideration to the claimant's testimony regarding medication side effects. *See, e.g., Grier v. Astrue*, 2012 U.S. Dist. LEXIS 158311, at *26 (D. Ariz. Nov. 5, 2012)(finding that ALJ's consideration of treating physician opinion was supported by substantial evidence, but remanding because the ALJ "erred by failing to articulate clear and convincing reasons to discount Plaintiff's credibility, including memory and concentration problems").

This Court finds no error as to this particular aspect of the ALJ's decision as far as it goes; but the ALJ's decision is subject to errors committed by her as discussed in the credibility section concerning the effect of medication on the plaintiff's ability to tolerate the workplace.

**B.     Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General

findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9ᵗʰ Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: She was 61 years old as of the date of the hearing. (T at 34). She completed high school. (T at 35). She stopped working full-time in 2012. (T at 35). Her last occupation was as an in-home services attendant, caring for an elderly friend. (T at 35). She stopped working after her friend passed away, which caused her to feel depressed and to experience increased pain. (T at 36, 51). She missed work in 2010 due to angina and a stroke. (T at 36). She previously worked as a real estate broker, but her license lapsed in 2010. (T at 38). She drove herself to the hearing. (T at 43). She experiences negative side effects from her medication, feels dizzy and groggy, and needs to rest for two to three hours. (T at 43). She cannot drive when she takes her medication. (T at 44). She is being evaluated by a new doctor for Parkinson's disease due to tremors. (T at 44-45). Bladder surgery resolved an incontinence issue. (T at 45). Her right arm is

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)

weak, which makes it difficult for her groom and bathe. (T at 45).  She has difficulty

hearing out of her right ear. (T at 46).  Stomach issues are a problem, including pain,

gallstones, diarrhea, adrenal tumors, and constipation. (T at 46).   Fibromyaglia

causes body aches and pains, which are generally resolved by medication. (T at 47).

Angina pain occurs two to three times per week, especially when she is upset, and is

relieved with nitroglycerin. (T at 47-48).

In the morning, she fixes breakfast and helps her two grandchildren get ready

for school. (T at 48).   She then rests for the balance of the morning.   In the

afternoon, she performs light housework, prepares lunch, and then attends to her

grandchildren after school. (T at 49).  She prepares meals and does grocery shopping

with assistance. (T at 50).  She feels dizzy and groggy much of the day. (T at 50).

The ALJ concluded that Plaintiff's medically determinable impairments could

reasonably be expected to cause the alleged symptoms, but that her statements

regarding the intensity, persistence, and limiting effects of the symptoms were not

fully credible. (T at 17).

For the following reasons, this Court finds that the ALJ's credibility analysis

is inadequate and a remand is therefore required.

First, the ALJ did not give adequate consideration to Plaintiff's testimony

concerning the side effects of her medication.  The Social Security Administration

has concluded that "[i]n recognition of the fact that an individual's symptoms can

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)

sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone," the ALJ "must consider in addition to the objective medical evidence [...] the type, dosage, effectiveness, and side effects of any medication." SSR 96-7p.

In addition, the Ninth Circuit has held that an ALJ must "consider all factors that might have a significant impact on an individual's ability to work." *Erickson v. Shalala*, 9 F.3d 813, 817 (9th Cir. 1993)(citation omitted). These factors "may include side effects of medications as well as subjective evidence of pain." *Id*. at 818.

Here, as outlined above, Plaintiff testified as to significant and debilitating side effects from her medications. (T at 43, 44, 50).  The ALJ briefly referenced Plaintiff's testimony regarding the side effects she experiences from her medications.  (T at 17).  However, "the ALJ neither properly dismisses the significance of these side effects, nor in [her] hypothetical to the vocational expert, references them." *See Davidson v. Astrue*, 703 F. Supp. 2d 1008, 1014 (C.D. Cal. 2008).  In other words, if the ALJ found Plaintiff's testimony regarding the side effects of her medications not credible, the ALJ was obliged to say so and explain why.  The ALJ's failure to do so was an error requiring remand. *Id*.

The potential prejudice of this error can be seen as follows: the ALJ cited evidence that Plaintiff's medication regime was largely effective and found it

18

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)

significant that Plaintiff never required surgery for her cardiac, musculoskeletal, and neurological impairments. (T at 20). The ALJ found that this evidence "suggests [Plaintiff's] symptoms were not as serious as she alleged." (T at 20).  However, this evidence is quite consistent with Plaintiff's testimony that her medication provided some relief from her pain, but at the cost of debilitating side effects, *i.e.* grogginess and dizziness. (T at 43-44, 47-48).  The ALJ does not appear to have accounted for this possibility; a remand is therefore required.

Moreover, Plaintiff has an excellent work record (T at 217), including twenty (20) years working as a real estate agent, which provides another reason for crediting her claims.  It is not clear that the ALJ accounted for this fact. *Pazos v. Astrue*, No. 08-6882, 2009 U.S. Dist. LEXIS 33970, at *29 (Cal. C.D. Mar. 30, 2009).

Second, the ALJ did not give appropriate consideration to lay testimony, which provided additional support for Plaintiff's allegations.  Eva Hernandez, Plaintiff's sister, completed a function report on August 22, 2012.  Ms. Hernandez explained that she saw Plaintiff on a daily basis during the week and on some weekends. (T at 179). Ms. Hernandez essentially corroborated what Plaintiff said, namely, that most days she gets her grandchildren off to school and then needs to lie down. (T at 179-80).  According to Ms. Hernandez, Plaintiff occasionally has difficulty maintaining her personal appearance and needs to be reminded to eat and groom. (T at 180-81).  Plaintiff spends most of her time at home, but does typically

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)

attend church services. (T at 183).  Ms. Hernandez opined that Plaintiff was limited

with regard to, *inter alia*, lifting, walking, standing, memory, completing tasks, and

concentration. (T at 184).  In particular, she explained that Plaintiff tires easily and

sometimes cannot complete tasks. (T at 184).  Ms. Hernandez reported that Plaintiff

struggles with stress, has difficulty adapting to changes, and is depressed. (T at 185).

The ALJ afforded little weight to Ms. Hernandez's statements, offering two

reasons:

First, the ALJ noted that Ms. Hernandez's statements "reflect lay opinion

based upon casual observation, rather than objective medical testing." (T at 22).

This is a restatement of fact – the ALJ is saying that a lay opinion is a lay opinion –

not a germane reason for discounting that opinion.  In other words, a lay opinion is,

by its very nature, based on lay observation, rather than objective medical testing or

knowledge.  Thus, this is not a germane reason for discounting the statements.

Second, the ALJ discounted the statements because Ms. Hernandez's

"statements might have been influenced by loyalties of family." (T at 22).  The ALJ

is certainly not precluded from considering the obvious possibility of personal bias.

However, this rationale, standing alone, cannot be sufficient to justify discounting

lay evidence, as that would create a *per se* rule whereby lay statements from family

members and friends were automatically disregarded.  Such individuals often have a

unique perspective and opportunity to observe the claimant on a daily basis.  Indeed,

the regulation expressly identified "[n]eighbors, friends, relatives, and clergy" as appropriate individuals to provide lay evidence. *See* SSR 12-2p. Thus, no rule allowing for the *per se* dismissal of family/friend statements can be permissible.

Accordingly, this Court finds that the ALJ did not provide germane reasons for rejecting Ms. Hernandez's lay statements and this evidence must likewise be revisited on remand.

## C.    Past Relevant Work Analysis

"Past relevant work" is work that was "done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. §§ 404.1565(a), 416.965(a).  At step four of the sequential evaluation, the ALJ makes a determination regarding the claimant's residual functional capacity and determines whether the claimant can perform his or her past relevant work.

Although the claimant bears the burden of proof at this stage of the evaluation, the ALJ must make factual findings to support his or her conclusion. *See* SSR 82-62. In particular, the ALJ must compare the claimant's RFC with the physical and mental demands of the past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).

In sum, the ALJ must determine whether the claimant's RFC would permit a return to his or her past job or occupation. The ALJ's findings with respect to RFC

1   and the demands of the past relevant work must be based on evidence in the record.

2   *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

3        The Regulations provide that a vocational report and the claimant's testimony

4   should be consulted to define the claimant's past relevant work as it was actually

5   performed. *Id.*; SSR 82-61, 82-41.   With respect to the question of how the

6   claimant's past relevant work is generally performed, the "best source" is "usually"

7   the *Dictionary of Occupational Titles* ("DOT"). *See id.*, 20 CFR §§ 404.1566 (d) and

8   416.966 (d).

9        In this case, the ALJ concluded that Plaintiff could perform her past relevant

10   work as a real estate agent. (T at 22).  This finding was based on the testimony of

11   June Hagen, a vocational expert. (T at 22).  However, as discussed above, the ALJ

12   did not give proper consideration to Plaintiff's testimony regarding medication side

13   effects and did not incorporate those side effects into the hypothetical question

14   presented to the vocational expert. (T at 40-41).  This was error for the reasons

15   outlined above.   Thus, the step four/past relevant work analysis will need to be

16   revisited on remand.

17   **D.    Remand**

18        In a case where the ALJ's determination is not supported by substantial

19   evidence or is tainted by legal error, the court may remand the matter for additional

20   proceedings or an immediate award of benefits. Remand for additional proceedings

is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warrant.  As outlined above, there are outstanding issues – in particular, proper consideration of Plaintiff's testimony regarding side effects and the lay opinion evidence.  However, it is not clear from the record that Plaintiff is disabled.  While the record contains Plaintiff's testimony regarding side effects and the lay opinion evidence, which needs to be appropriately considered on remand, it also contains Dr. Taylor's opinion that Plaintiff remained able to work and a medical record that documented relatively benign treatment and successful symptom management.  As such, this Court finds that a remand for further proceedings is the appropriate remedy.

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this case for further proceedings consistent with this Decision and Order, and it is further ORDERED that

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case, without prejudice to a timely application for EAJA fees and costs.

DATED this 1st day of June, 2016,


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – DAVILA v COLVIN 2:15-cv-02905 (VEB)